IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DEAN HARRIS,                                              CV. 07-806-ST

           Plaintiff,                          ORDER TO DISMISS

   v.

DR. IAN ROBERT DUNCAN and
CONTINENTAL CASUALTY COMPANY,

           Defendants.

BROWN, District Judge.

    Plaintiff, an inmate at the Snake River Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an order entered by the court, plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, defendant Continental Casualty Company is dismissed on the basis that plaintiff fails to state a claim against it. *See* 28 U.S.C. § 1915(e)(2).

## BACKGROUND

    Plaintiff alleges that on two occasions, defendant Duncan treated his back through a spinal manipulation technique which made

1 - ORDER TO DISMISS

plaintiff's back condition worse. When he saw Dr. Duncan a third time, Duncan again performed a spinal manipulation despite plaintiff's express instructions not to do so. According to plaintiff, he suffered permanent injury to his back as a result of the third manipulation. He therefore brings this § 1983 action on the basis that this medical treatment violated his Eighth and Fourteenth Amendment rights.

## **STANDARDS**

Notwithstanding the payment of any filing fee or portion thereof, the court shall dismiss a case at any time if it determines that:

> (B) the action . . .
>
> > (i) is frivolous or malicious;
> >
> > (ii) fails to state a claim on which relief may be granted; or
> >
> > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2).

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of

2 - ORDER TO DISMISS

material fact as true and construes the allegations in the light most favorable to the nonmoving party. *Tanner*, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1998); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. *McGuckin*, 974 F.2d at 1055; *Karim-Panahi*, 839 F.2d at 623-24; *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

### DISCUSSION

To state a claim under 42 U.S.C. § 1983, plaintiff must plead that persons, acting under color of state law, deprived him of a right, privilege or immunity secured by the Constitution or federal law. *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir.), *cert. denied*, 522 U.S. 996 (1997). Defendant Continental Casualty

3 - ORDER TO DISMISS

Company is not a state actor.  Moreover, plaintiff fails to allege how Continental Casualty Company personally participated in the constitutional deprivation he describes.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant").  Accordingly plaintiff fails to state a claim against this defendant.

Plaintiff does, however, state a valid claim for pleading purposes against defendant Duncan.  Accordingly, this lawsuit may proceed against defendant Duncan, and he shall be requested to waive service in this matter.

## CONCLUSION

Because plaintiff fails to state a claim against Continental Casualty Company, this defendant is DISMISSED from this action.  As plaintiff cannot amend his Complaint to state a valid § 1983 claim against this defendant, the dismissal is without leave to amend his Complaint. This action may proceed as to defendant Dr. Ian Robert Duncan, and a request to waive service shall issue.

IT IS SO ORDERED.

DATED this   14th   day of September, 2007.

                            /s/ Garr M. King for   
                              Anna J. Brown  
                              United States District Judge